The Louisville, Evansville and St. Louis Railroad Company v. Berry.

Filed Oct. 2, 1891.

———◆———

No. 337.

THE LOUISVILLE, EVANSVILLE AND ST. LOUIS RAILROAD COMPANY v. BERRY.

MASTER AND SERVANT.—*Railroad.*—*Action for Damages Against.*—*Loss of Services of Minor.*—*Complaint.*—*Dangerous Condition of Machinery.*—*Contributory Negligence.*—*Sufficiency of Averment.*—In an action by a father against a railroad company to recover damages for the loss of services of his minor son, who is alleged to have been killed by the carelessness of such company, in that he was set at work at a hazardous engagement with-

The Louisville, Evansville and St. Louis Railroad Company *v.* Berry.

out being given sufficient warning and instruction to enable him to avoid the injury, the complaint did not aver that the deceased had no means of informing himself of the dangerous condition of the boiler which he was ordered to work upon, before the accident occurred, but did aver the youth, inexperience and ignorance of the decedent, and that the injury occurred without his fault.

*Held,* that the complaint after verdict was sufficient.

*Held,* also, that an averment in the complaint that the plaintiff was free from fault, negatived contributory negligence.

SAME.—*Defective Machinery.—Injury Resulting from.— When Servant can not Recover.—Latent Defects.*—The principle of law that a servant can not recover from his master for an injury resulting on account of a dangerous defect in the service, if he had the same means of discovering the defect as the master had, only applies where the servant is under the same obligation as the master to know the condition of the same. While a servant may have an opportunity, he is not bound to make a critical examination of the condition of an implement or item of machinery before using it to ascertain if it contains any latent defects, unless so required by the terms of his employment.

DECLARATIONS.— *Made by Minor.—Action by Father for Loss of Service.—Inadmissibility of Declarations as Admissions.—Res Gestæ.*—In an action by a father against a railroad company to recover damages for the loss of the services of his minor son, who it was alleged had been killed through the carelessness of the defendant company, a declaration of the deceased, made substantially at the place of the injury and in the presence of the engine which inflicted the injury, and within from two to five minutes after the accident, to the effect that nobody was to blame but himself, etc., is not admissible as an admission. The services of the deceased during his minority belonged to the plaintiff as his lawful right, and it was not within the power of the deceased to have legally defeated this right. His admission could not therefore bind the plaintiff. Such a declaration is admissible, however, as a part of the *res gestæ.*

From the Dubois Circuit Court.

*J. E. Iglehart* and *E. Taylor,* for appellant.

*W. R. Gardiner, S. H. Taylor, C. G. Gardiner, A. J. Padgett* and *A. Paget,* for appellee.

CRUMPACKER, J.—This action was commenced by John Berry against the Louisville, Evansville and St. Louis Consolidated Railroad Company to recover damages for the loss of services of his minor son, who is alleged to have been killed by the carelessness of such company.

MAY TERM, 1891.            429

The Louisville, Evansville and St. Louis Railroad Company v. Berry.

The complaint alleges, in substance, that Henry E. Berry, the plaintiff's son, was eighteen years of age, and was employed by the defendant to work in its engine-house at Huntingburg as an "engine washer," which was a reasonably safe employment; that said Henry was inexperienced, and unfamiliar with machinery, and unacquainted with the dangerous character of engines and boilers; that the defendant had in use upon its railroad an old worn-out engine, the boiler of which had been constructed with holes in it for the purpose of cleaning it out, and these holes were kept closed while the engine was in use by means of brass plugs, known as "mud plugs" screwed into the rim of the boiler; that these plugs became so worn and deficient that the boiler leaked steam and water, and it was very dangerous to undertake to tighten them while the boiler was filled with hot water and steam; that said Henry was ignorant of such danger, and on the 12th day of June, 1887, while the boiler was in such dangerous condition, an employee of the defendant, who was foreman of the engine-house, and under whom the said Henry worked, carelessly and negligently directed him to go under such engine and tighten the mud plugs, and in obedience to such direction he undertook to do so, and while so engaged, and without fault upon his part, one of the plugs was blown out by the pressure in the boiler and said Henry was burned and scalded with escaping steam and hot water so that he died soon thereafter. It is also averred that the plaintiff was ignorant of the danger, and that his said son was sent under the boiler without his knowledge or consent, and that the injury occurred without his fault.

No demurrer was filed to the complaint, and an answer of general denial put the cause at issue. A jury trial was had, and a verdict returned in favor of the plaintiff for $900, upon which judgment was duly rendered.

The defendant's motion for a new trial was overruled, and it prosecutes this appeal, assigning for error: 1. The in-

sufficiency of the complaint.    2.    Overruling the motion for a new trial.

It is insisted on behalf of appellant that the complaint is fatally deficient because it does not allege that the deceased had no means of informing himself of the dangerous condition of the boiler before the accident.

It is true that one who enters into the service of another, in the absence of an express agreement to the contrary, assumes all of the hazards ordinarily incident to the employment, and this assumption is regarded as part of the consideration for the compensation agreed upon.    This principle applies to the employment of minors as well as adults. *Taylor* v. *Wootan*, 1 Ind. App. 188; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151.

It is equally true that the master is bound to use ordinary care and diligence in providing reasonably safe and suitable machinery and appliances for his servants, and is liable for injuries resulting from his failure to perform this duty.    He is also chargeable with notice of the natural tendency of machinery and implements to wear out and decay with use and age, and is therefore required to exercise an active and continuing supervision and vigilance to maintain them in a reasonably safe condition.    *Indiana Car Co.* v. *Parker*, 100 Ind. 181.

A servant may rightfully act upon the presumption that the master has performed his duty in supplying proper machinery and appliances unless he has notice otherwise, or facts are patent and come within the reasonable range of his observation, which would excite the apprehension of a reasonably cautious person, and put him upon inquiry.    *Indiana Car Co.* v. *Parker, supra; Bradbury* v. *Goodwin*, 108 Ind. 286.

The general statement is made in some of the books and decisions of courts that the law will not permit a servant to recover from his master for an injury resulting on account of a dangerous defect in the service if he had the same means of discovering the defect as the master had.    This principle

can apply only where the servant is under the same obligation as the master to know the condition of the service.

While a servant may have an *opportunity*, he is not *bound* to make a critical examination of the condition of an implement or item of machinery before using it, to ascertain if it contains any latent defects, unless so required by the terms of his employment.

We do not think it was necessary for the plaintiff to allege that his deceased son had no opportunity of informing himself of the dangerous condition of the boiler. The averments of his youth, inexperience and ignorance, and the fact that the injury occurred without his fault, were sufficient. These averments, considered in connection with the other allegations, are fairly equivalent to the charge that the defendant set the deceased at a hazardous engagement without giving him sufficient warning and instruction to enable him to avoid the danger.

It is insisted also that the averment that the plaintiff was free from fault contributing to the disaster was not sufficient because the word "*negligence*" was not used in that connection.

The argument is that the word "*fault*" imputes a *moral* delinquency, and is not the equivalent of "*negligence*" in legal literature.

Modern lexicography authorizes the use of this word in the same sense as "*negligence*." The Century Dictionary gives it the following, among other meanings: "An error or defect of judgment or conduct; any deviation from prudence, rectitude, or duty; any shortcoming or neglect of care or performance, resulting from inattention, incapacity, or perversity; a wrong tendency, course, or act."

In *Board, etc.,* v. *Legg,* 93 Ind. 523, the court said: "Where the complaint avers that the plaintiff was without *fault*, it sufficiently negatives contributory negligence."

We have considered the questions discussed in relation to the sufficiency of the complaint, under the curative influence

of the verdict, and deem it good. It is unnecessary to say what the result would have been if it had been tested by demurrer.

Several witnesses testified that when the accident occurred the deceased crawled from under the engine, and was immediately assisted to a chair twenty-five or thirty steps away, and that he was suffering intense pain, and was greatly excited. When he reached the chair he was asked how the accident happened. He exclaimed : " I am a dead man, but nobody is to blame but myself. I turned the plug the wrong way and it came out."

This occurred substantially at the place of the injury and in the presence of the hissing, steaming engine, and within from two to five minutes after the accident. Upon the motion of the appellee this evidence was withdrawn from the jury, upon the ground that it was hearsay.

This decision of the court is assailed by counsel for appellant, who claim that the statement was competent evidence both as an admission and as part of the res gestæ.

We not concur in the proposition that the evidence was allowable as an admission. It does not come within the doctrine that an admission of one against his interest, while in the possession and enjoyment of a right, may be given in evidence against one who succeeds him in the right, where it is the subject-matter of the litigation. And there is a clear distinction between the declarations of the deceased in this case, and the declarations of a decedent in an action by his administrator, to recover for the injury resulting in his death.

In the latter case the suit is brought by the personal representative of the decedent to recover for an injury personal to, and in a sense in the right of, the deceased, and for which he could have sued had he survived the injury. In the case at bar the injury sued for was originally and primarily inflicted upon the appellee, and no part of the damages described in the complaint, and awarded by the jury, could

have been recovered by the deceased had he survived the injury. *Mayhew* v. *Burns*, 103 Ind. 328. His services, during his minority, belonged to the appellee, as his lawful right, and it was not within the power of the deceased son to have legally defeated this right. Consequently, upon the clearest principles of the law, the admissions of the deceased could not bind the appellee. As bearing somewhat upon this question, see *Penn, etc., Life Ins. Co.* v. *Wiler*, 100 Ind. 92 ; Lawson Rights and Remedies, section 1108.

The other proposition raises a more serious question. The particular manner in which the injury happened is an important factor in the litigation. Events are frequently so closely connected with collateral facts that the latter are regarded as part of them, and may be adverted to for the purpose of elucidating and explaining the main events. The statements of one while doing an act, explanatory thereof, may be given in evidence as part of the act, when it becomes the subject of litigation. The *act* may be said to have the power of speech under such circumstances. Where a statement in this connection is so closely related to the litigated act, or event, that it may be said to be the utterance of such act, or event, instead of the individual, it is part of the *res gestæ.* How nearly contemporaneous a statement must be to an event to become part of it, under the rules of evidence must depend mainly upon the circumstances of each particular case. It should be practically the automatic manifestation, or impulse, of the principal event. It should be instinctive, in a sense, and the causal relations between the event and the utterance should not be disturbed by calculation or reflection.

The case of *Louisville, etc., R. W. Co.* v. *Buck*, 116 Ind. 566, is a very valuable one upon this question. The authorities are collected, and they abundantly sustain the opinion of the court. Among other things, the court, by MITCHELL, J., said : " It is not always easy to determine where declar-

ations having relation to an act or transaction should be received as part of the *res gestœ*, and much difficulty has been experienced in the effort to formulate general rules applicable to the subject. This much may, however, be safely said, that declarations which were the natural emanations or outgrowths of the act or occurrence in litigation, although not precisely concurrent in point of time, if they were yet voluntarily and spontaneously made so nearly contemporaneous as to be in the presence of the transaction which they illustrate and explain, and were made under such circumstances as necessarily to exclude the idea of design or deliberation, must, upon the clearest principles of justice, be admissible as part of the act or transaction itself."

In the case before us the declarations of the deceased were practically in the presence of the occurrence. They were exclamatory in their character, and were the first expressions of the deceased after the accident. He was suffering much pain, and laboring under great excitement. His death resulted in a few hours thereafter. We are of the opinion that the declarations were competent evidence, and the court erred in excluding them.

It is maintained by the learned counsel for appellee, that the statements made under the circumstances disclosed by the evidence would have had but little weight with the jury, and therefore the error was harmless.

It is not our province to express any opinion upon the weight of the rejected evidence. That duty belongs to the jury; but we can not regard as a harmless error a ruling of the court rejecting competent and material evidence, which the jury would have the right to consider as important in determining the rights of the parties.

The judgment is reversed, with instructions to grant a new trial.

Filed Oct. 2, 1891.