### THE NEW YORK.

#### (Circuit Court of Appeals, Second Circuit. April 14, 1913.)

1. SEAMEN (§ 29*)—INJURIES—SHIP'S LIABILITY.

Vessel owners are liable to injured seamen for wages, maintenance, and expenses of cure, except where the injury resulted from the seamen's own willful misconduct, and also for indemnity for injuries resulting from unseaworthiness of the vessel or her equipment.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

2. SEAMEN (§ 29*)—INJURIES—UNSEAWORTHINESS OF VESSEL OR EQUIPMENT.

Libelant was employed as an engine room cadet to keep the oil cups on certain pumps in the engine room filled with oil during his watch. He was shown the cups, but was not told where to·stand. At first he undertook to fill the cups, standing in the passageway between the guards of two pumps, but could not see into the cup from this position. He saw another cadet standing on the bearing of the pump shaft, with one foot over a revolving shaft, while filling the cup, and afterwards followed his example until the time of the accident, three or four days after, when, while filling the cup, his overalls were caught by the set pins in a revolving shaft, and his leg was broken. The vessel was built by first-class builders in the usual way, and the safe place where libelant could have stood was not hidden or concealed, but was open and obvious, though less convenient. *Held*, that the vessel was not unseaworthy in structure or equipment, in not providing a more convenient place to stand, or for failure to box the shaft and wheel, and that she was therefore not liable to libelant for damages for his injury.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

3. SEAMEN (§ 29*)—INJURIES—NEGLIGENCE OF FELLOW SERVANTS.

Omission of libelant's superiors to tell him where to stand while filling the cup, or to warn him not to straddle the shaft, if negligence, was the negligence of libelant's fellow servants, for which the owners of the vessel were not liable.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, in favor of libelant for $350 maintenance and cure and $5,000 damages, with costs.

Burlingham, Montgomery & Beecher, of New York City (M. P. Feary, and P. J. Bickel, of New York City, of counsel), for appellant.

Hays, Hershfield & Wolf, of New York City (D. P. Hays and S. P. Friedman, both of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The libelant was an engine room cadet on the steamship New York, and was on his first voyage in that capacity. His duties were to keep the oil cups on certain pumps in the engine rooms filled with oil during his watch. He was on duty during two watches, of four hours each, on each day. On the seventh or eighth day out, while he was filling an oil cup on the forward circulating pump, his overalls were caught by set pins in the revolving shaft of the pump and his leg was broken.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The first time he went on board he was taken around by one of the engineers and shown the oil cups he was to fill, including the one in question. No one told him where to stand, or where not to stand, when filling this cup; but when he first undertook to fill it he saw a passageway between the guards of two pumps and stood there to oil the cup. He could not see into it from where he stood, but could have told by inserting his finger how much oil there was in the cup. He oiled from that position for several watches. On the third or fourth night out an engineer criticised him for not having enough oil in the cup at the end of his watch, and that same night he saw another cadet, whose watch followed his, standing on the bearing of the pump shaft with his feet straddling the revolving shaft. He had never noticed this place before, but from that time on stood there when filling this cup, until the accident, which happened three or four days afterwards. This place was more convenient, as by standing on the bearing one could look into the cup, and it appears to have been frequently used by others when filling this cup.

[1] It is the law of the sea that vessel owners are liable for wages, maintenance, and expenses of cure of a seaman injured in the service of the ship, except as a result of his own willful misconduct. There has been gradually added to this well-defined relation, either by statute or by judicial decisions, an obligation of the owners to give the seaman indemnity for injuries resulting from unseaworthiness of the vessel or her equipment. The final utterance of the Supreme Court on the relation of seamen and owners is the case of The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760 (1902). It is inconsistent with many prior and some subsequent decisions.

[2] In the opinion of a majority of the court, this vessel was not unseaworthy in structure or equipment. A shipowner is not bound to furnish the crew with the very best and very safest appliances. The evidence is that the vessel was built by first-class builders and in the usual way. We do not think a steamer can be held unseaworthy because every shaft and wheel revolving in plain sight is not boxed in. The libelant was not hurt by any defect in the machinery, or by anything giving way, as in The Frank and Willie (D. C.) 45 Fed. 494, and The Edith Godden (D. C.) 23 Fed. 43. There were two places from which the cup could be filled. One was unsafe; the other was safe, although less convenient. This safe place was not a hidden one, which would not have been discovered by a novice, unless some one told him of it. It was in plain sight, and was apparently the natural place for a person to stand, because libelant without any directions went there at once, and used it for three or four days, until he saw some one else using another place, which may have been more convenient, but which was manifestly unsafe. Under The Osceola decision we do not see how the ship can be held unseaworthy, or not kept in proper order.

[3] The omission of the libelant's superiors to tell him where to stand when filling the cup, or to warn him not to straddle the shaft, if negligence, was negligence of fellow servants, for which the owners are not responsible.

The decree is reversed, with costs of this appeal, and cause remanded, with instructions to decree in favor of libelant only for $350, with interest and costs of the District Court.