## THE SANTA CLARA.

(District Court, S. D. New York. June 27, 1913.)

No. 63.

1. SEAMEN (§ 29*)—ACTION FOR PERSONAL INJURIES—DEFENSES—PLEADING.

Where, in a suit in rem by a seaman to recover for personal injuries, the claimant intends to rely upon the fact that the ship belongs to a foreign country, under whose laws an action in rem for such injuries cannot be maintained, notice of such defense must be given in the pleadings.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

2. SEAMEN (§ 29*)—INJURIES—LIABILITY OF VESSEL.

A seaman, injured in the service of the ship, is entitled to wages and maintenance and cost of cure, at least to the end of the voyage, without reference to the question of negligence, and to indemnity where his injuries result from unseaworthiness of the ship.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

3. SEAMEN (§ 29*)—INJURIES—LIABILITY OF VESSEL.

Libelant, a seaman, was injured while descending in the dark from the bridge deck to the bunker, by losing his balance through a lurch of the ship and falling down a hatchway. He was familiar with the situation, and had used the same way for some months. The ship was of a usual construction, and there were no defects in equipment or appliances which caused the injury. Held, that the failure to provide lights or handrails or other protection around the hatch did not render her unseaworthy, and that libelant was not entitled to recover compensation for his injury.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

In Admiralty. Suit by Juan Veiga against the steamship Santa Clara; Joseph H. Trachy, claimant. Decree for libelant.

Black, Varian, Bigelow & Somers, of New York City, for libelant.

Convers & Kirlin, of New York City (John M. Woolsey, of New York City, of counsel), for claimant.

WARD, Circuit Judge. [1] The libel is in rem for personal injuries to a fireman on the Santa Clara, and asks for full indemnity and such other and further relief as the libelant may be entitled to in the premises. This prayer, in analogy to the practice in equity, entitles the libelant to any relief appropriate to the case stated in the libel. If found not entitled to full indemnity, he will be allowed wages and expenses of maintenance and cure, at least to the end of the voyage.

The answer put in issue only the allegations of the libel, and set up an affirmative defense that the libelant's injuries were due to his own negligence or that of his fellow servants, and not to any fault or negligence of the steamer or her owners.

At the trial the claimant asked leave to amend the answer by alleging that the steamer was British, with a view of proving that under the British law the libelant was entitled to no lien, and therefore could not maintain this action. The Lamington (D. C.) 87 Fed. 752. Neither the claim, nor the stipulation, nor the answer gave any intimation

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the steamer was British, or that the British law would be relied on to defeat the libelant because of his method of procedure. Such pleading would deceive many, if not most, of the practitioners at this bar, and might leave an ignorant seaman with a good case without remedy after the steamer had left the jurisdiction. When a shipowner intends to rely upon such a defense, it is but fair to notify the opposite party of it in the pleading, and not to lead the unwary into a trap. Therefore I refused to allow any amendment, and will dispose of the case on the issues actually joined.

The libelant was hurt while on his way from the bridge deck through the fidley to the coal bunker at about 5:20 a. m. December 19, 1912. He had gone up to shift a ventilator, so as to give more air in the stoke hole, and was returning to his work in the port coal bunker. The morning was dark and stormy; the fidley very dark and without any artificial light whatever. The hatch through which he was to descend by the first ladder from the bridge deck to the 'tween decks was about 2 feet 6 inches long and 17 inches wide. The cover of it was kept permanently open by being fastened to the bulkhead. The floor of the fidley was of iron grating. In feeling his way with his foot, the libelant lost his balance through a lurch of the ship and fell, striking his right shoulder against the cover fastened against the bulkhead, and sustained painful injuries, from which he has not yet recovered, and which are likely to last for some time to come. There was no handrail or other protection around the hatch, nor any artificial light in the room.

[2] The relation of seamen to shipowners is peculiar. By the maritime law the seaman injured in the service of the ship is entitled to wages and maintenance and cost of cure, at least to the end of the voyage, without any reference whatever to the question of negligence, either upon his own part, or upon that of his fellow servants, or upon that of the owners. The single exception grafted out of humanity upon the law of the sea is to give the seaman indemnity from the vessel where his injuries result from unseaworthiness of the ship. The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760. This decision was lately considered by the Circuit Court of Appeals for this circuit in The Steamship New York, 204 Fed. 764.

[3] Therefore the sole question in the case is: Did the absence of the safeguards mentioned make the Santa Clara unseaworthy? No appurtenance upon which the seaman had a right to rely gave way through a defect, either original or supervening, as has been generally the case where indemnity has been allowed. The default was in the entire failure to furnish appurtenances which are now claimed to have been necessary to make the ship seaworthy. The libelant was perfectly familiar with the situation. He had used this particular method of going to and coming from the stoke hole for more than four months.

Uncovered holds and hatches are common in ships. The calling of seamen involves danger and requires care and skill. Owners are not obliged to furnish the best, safest, and most convenient structures. While they may be in this case chargeable with negligence, I do not think it is such negligence as amounts to making the vessel unsea-

worthy. The appurtenances not supplied, though appropriate and desirable, cannot, I think, be called necessary.

There will be an interlocutory decree in favor of the libelant for his wages and the cost of his maintenance and cure, if any, up to the end of the voyage, and, if not agreed upon, the usual order of reference.