## MANHATTAN CANNING CO. v. WILSON.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1914.)

### No. 2377.

**1. SEAMEN (§§ 11, 21*)—INJURY IN SERVICE—SUIT FOR CURE AND WAGES.**

It is not a defense, to a suit by a seaman to recover for the cost of medical attendance and care while disabled by an injury and wages during such time, that he had been guilty of a violation of the shipping articles, which would have warranted his discharge, where the master, although having knowledge of the fact, did not discharge him.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 39-44, 92-110, 187; Dec. Dig. §§ 11, 21.*

Rights and liabilities of seamen as to medical treatment, see note to The Cuzco, 83 C. C. A. 186.]

**2. SEAMEN (§ 18*)—WAGES—EXTRA WAGES FOR IMPROPER DISCHARGE—CONSTRUCTION OF STATUTE.**

Rev. St. § 4527 (U. S. Comp. St. 1901, p. 3077), which provides that a seaman improperly discharged before commencement of the voyage, or before he has earned a month's wages, shall be entitled to one month's wages in addition to those earned, is not applicable to a case where a seaman was taken from the vessel to a hospital, because disabled, but was not discharged.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 76-82; Dec. Dig. § 18.*]

**3. SEAMEN (§ 6*)—"COMMENCEMENT OF VOYAGE."**

When a vessel with all her cargo aboard left her dock to be towed to a buoy in the bay for a temporary mooring, her voyage commenced.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 8-18; Dec. Dig. § 6.*]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in admiralty by J. W. Wilson against the Manhattan Canning Company. Decree for libelant, and respondent appeals. Affirmed.

For opinion below, see 210 Fed. 898.

Charles W. Dorr, Hiram E. Hadley, Clyde M. Hadley, and Frederick W. Dorr, all of Seattle, Wash., for appellant.

James Kiefer, of Seattle, Wash., for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The appellant employed the appellee in the capacity of cook on the brig Harriet G., at $80 a month, for a voyage from Seattle, Wash., to Port Heiden, Alaska, and return, not exceeding six months. The appellee signed shipping articles before a shipping commissioner on April 21, 1913. On April 23, 1913, the brig, having received all her cargo, left her dock in the port of Seattle, and was towed by a tug to a buoy in the bay. Immediately after she left the dock, the appellee fell from the companion way leading from the poop deck to the main deck, and sustained serious injuries.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At his request he was taken to a hospital and remained there until May 5, 1913. The decree of the court below awarded the appellee $30.60 for hospital services, $50 for medical attendance, and $440 for his wages from April 21, 1913, to the end of the voyage.

[1] The appellee on the day before the accident had brought aboard five gallons of whisky, and the appellant contends that thereby he violated the provision of the shipping articles that no grog was allowed, "and none to be brought on board by the crew," and that he was drunk at the time of the accident, and the appellant cites cases to the proposition that a seaman may be discharged for drunkenness in the home port before the voyage has begun. But the evidence shows that the master overlooked the appellee's breach of the shipping articles in bringing the liquor aboard, and promptly confiscated the whisky, and that the appellee was not discharged, although another cook was employed to take his place before the vessel left the harbor. Nor are we convinced that the court below and the commissioner erred in concluding upon the evidence that the appellee was not drunk, or appreciably under the influence of liquor, at the time of the accident.

[2] It is contended that the appellee's employment ceased before the commencement of the voyage, and that he was not entitled to wages for the voyage, or for wages for more than one month, and that the question of his wages is controlled by section 4527 of the Revised Statutes (U. S. Comp. St. 1901, p. 3077). That section provides:

"Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage, or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned."

Conceding that this statute, which was repealed as to vessels engaged in the coastwise trade by Act June 9, 1874, c. 260, 18 Stat. 64 (U. S. Comp. St. 1901, p. 3064), was as to seamen shipped before a shipping commissioner on such vessels revived by the amendment of August 19, 1890 (26 Stat. 320, c. 801) and the amendment of February 18, 1895 (28 Stat. 667, c. 97 [U. S. Comp. St. 1901, p. 3065]), it is not, in our opinion, applicable to the present case for the reason that the appellee was not discharged, and so far as the record shows he was guilty of no fault justifying discharge.

[3] Moreover, the accident occurred after the commencement of the voyage. The voyage commenced when the vessel, with her cargo aboard, left the dock on her way to the buoy. Carver's Carriage by Sea (5th Ed.) § 148; Bowen v. Hope Ins. Co., 20 Pick. (37 Mass.) 275, 32 Am. Dec. 213; Cockrane v. Fisher, 1 C. M. & R. 809; Sun. Mut. Ins. Co. v. Mississippi Valley Transp. Co. (C. C.) 17 Fed. 919. In Barker v. McAndrew, 18 C. B. & S. 759–772, Willes, J., said:

"The commencement of the voyage is the commencement to do that for which the shipowner is to be paid freight."

We do not say that an actual formal discharge would be necessary in order to entitle an owner to discharge his obligation to a seaman by paying him a month's wages, as provided for in section 4527. The conduct of the master or owner, or the existing circumstances, might be such as in law to discharge a seaman from his contract. But that is not the present case, and it is not alleged in the answer that the appellee was discharged. Through no gross negligence of his own, the appellee was injured while engaged in the performance of his duties, and after the voyage had commenced. The case comes within the rule that a vessel and her owners are liable in case a seaman falls sick or is wounded in the service of the ship, to the extent of his maintenance and cure, and to his wages at least as long as the voyage is continued. The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760; The New York, 204 Fed. 764, 123 C. C. A. 214; The Santa Clara (D. C.) 206 Fed. 179; The Nyack, 199 Fed. 383, 118 C. C. A. 67.

The appellee invokes the power of this court on the appeal to add to the decree a provision for the payment of his maintenance during the time of his disability. But we find nothing in the record to justify such an award. There is no proof that the appellee expended any sum or incurred a debt for maintenance, or that the hospital charges did not cover all costs of maintenance.

The decree is affirmed.