## COLLINS v. DOLLAR S. S. LINES, Inc., Limited.

District Court, S. D. New York.

Feb. 23, 1938.

George J. Engelman, of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert A. Lilly, of New York City, of counsel), for respondent.

GODDARD, District Judge.

Exceptions to a libel in admiralty.

The libel, after the usual allegations of ownership and operation of the Steamship President Monroe by the respondent corporation, alleges that the libelant Collins signed articles at San Francisco and became a member of the crew of the President Monroe on July 29, 1936 for a voyage around the world and return to San Francisco, in the capacity of fireman at $62.50 a month and found, and goes on to allege:

"Seventh: That on or about September 7th, 1936 said S. S. 'President Monroe' was lying at the port of Singapore; that on the said day libelant and other members of the crew of said steamship were given shore leave and libelant and other members of the crew of said steamship proceeded to St. Joseph's Park at Singapore and there engaged in a game of baseball for their recreation and amusement and while the libelant was engaged in playing baseball he was caused to sustain serious and permanent personal injuries.

"Eighth: That by reason of the said occurrence and the personal injuries sustained libelant was compelled to quit his employment aboard the S. S. 'President Monroe' at the port of Singapore on or about September 7th, 1936."

The libel purports to set forth two causes of action. The first—wherein libelant seeks to recover maintenance and cure in the sum of $2,500. In the alleged second cause of action libelant seeks to recover

wages to the end of the voyage which were not paid to him, and because of the non-payment of these wages the libelant also asks to have imposed upon the respondent the penalties provided by United States Revised Statutes, § 4529 (46 U.S.C. § 596, 46 U.S.C.A. § 596). It also appears that Collins was removed after his accident to a hospital in Singapore and was unable to rejoin the President Monroe before she left port, but was later brought to New York by the respondent's steamship President Van Buren, where he entered the Marine Hospital at Stapleton.

■ The respondent excepts on the ground that neither the first nor the second alleged cause of action constitute a cause of action within the admiralty and maritime jurisdiction of this court and prays that the libel be dismissed. The rule relating to maintenance and cure is stated in The Osceola, 189 U.S. 158, at page 175, 23 S.Ct. 483, at page 487, 47 L.Ed. 760 and is:

"The vessel and her owners are liable, in case a seaman falls sick, or is wounded, in the service of the ship, to the extent of his maintenance and cure, and to his wages * * *."

See, also, The Bouker No. 2, 2 Cir., 241 F. 831, certiorari denied 245 U.S. 647, 38 S.Ct. 9, 62 L.Ed. 529.

The question now presented is—whether the libelant was injured "in the service of the ship."

■ In Meyer v. Dollar Steamship Line, 9 Cir., 49 F.2d 1002, affirming D.C., 43 F.2d 425, where a seaman, off duty, engaged in a friendly scuffle with a fellow shipmate was injured, it is said (page 1003) that the phrase "in the service of the ship" as applied to a seaman is closely analogous to the phrase "in the line of duty" as applied to soldiers or sailors in the service of the United States. Also that "An injury suffered or a disease contracted by a sailor is considered to have been 'in the line of duty' 'unless it is actually caused by something for which he is responsible which intervenes between his service or performance of duty and the injury or disease. He will be responsible for an intervening cause if (1) it consists of his own wilful misconduct, or (2) it is something which he is doing in pursuance of some private avocation or business, or (3) it is something which grows out of relations unconnected with the service or is not the logical incident of provable effect of duty in the service.'"

■ It is obvious that the injury which the libelant sustained while on shore leave playing baseball was caused by something which he was doing in pursuance of his private avocation and grew out of relations unconnected with the service and is not the logical incident of duty in the ship's service. For the time being the libelant was entirely on his own; entirely free from control or the supervision of the ship's officers.

In Lortie v. American-Hawaiian S. S. Co., 9 Cir., 78 F.2d 819, it was held that a seaman who was injured while engaged in a drunken brawl on ship board was not entitled to maintenance and cure. In The Alector, D.C., 263 F. 1007, a seaman was denied the right to maintenance and cure where he was taken ill on a voyage as a result of a disease contracted through his own vices or gross acts of indiscretion. See, also, Pierce v. Patton, Fed.Cas.No. 11,145; Chandler v. The Annie Buckman, Fed.Cas.No.2,591a.

■■ From the history of this provision for the benefit of seamen, it is clear that purpose was to insure that a seaman, injured in the service of his ship, should not lack for the proper medical care and maintenance although the injury was sustained through no fault of the vessel owner or her master; and the attitude of the court is to apply this rule liberally. It is reasonable and logical to say that if injured in the ship's service the seaman shall be cared for by the ship. To extend the obligation of the ship beyond this so as to require it to provide maintenance and cure for one who was injured on shore while engaged in his personal affairs would be to place an unfair burden upon the ship and would relieve the seaman of the risk that he himself should properly assume. I find no authority which would justify recovery of maintenance and cure by the libelant.

■ The libelant was injured outside the course of his employment, and was unable to return to work before the voyage ended so he is not entitled to wages while incapacitated. See Meyer v. Dollar Steamship Line, 9 Cir., 49 F.2d 1002. And it follows that he may not recover the penalty under 46 U.S.C. § 596, 46 U.S.C.A. § 596.

Respondent's exceptions must be sustained and the libel dismissed.