## THE PRESIDENT COOLIDGE.

### No. 13908.

District Court, N. D. Washington.

May 23, 1938.

576

NETERER, District Judge.

It is objected (1) that the libelant was not a seaman at the time of the accident in the sense that he was not performing duties as a seaman at the time of his injury; (2) he was not in the service of the ship at the time of the casualty; (3) that the voyage had not begun. Seaman in early times meant a person who can hand, reef and steer—a mariner in the full sense of the word. By statute, 46 U.S. C.A. § 713, every person who shall be employed in any capacity on board a vessel shall be deemed and taken to be a seaman. Hoof v. Pacific American Fisheries, D.C., 284 F. 174, at page 176, affirmed 9 Cir., 291 F. 306; The Sea Lark, D.C., 14 F.2d 201. A "lay" fisherman it is admitted at bar is a seaman. Challenge 1 and 2, will be considered together.

To entitle Libelant to recover he must show that he received his injury while engaged in an act of labor in the discharge of the obligations of his employment. If the injury occurred after Libelant left the labor in which he was engaged in the discharge of the obligation of his employment and while responding to a telephone call on behalf of his wife, which he expected, and while in discharge of that (all a personal matter) an "act not in the service of the ship" he may not recover for the injury. The injury was the result of the Libelant's free act and conscious motion of his own will, apart from any obligation of his employment. Meyer v. Dollar Steamship Line, D.C., 43 F.2d 425, 426, affirmed, 9 Cir., 49 F.2d 1002. The facts in the instant case are clearly within the rule announced by this court 43 F.2d, supra, affirmed by the Circuit Court of Appeals 49 F.2d, supra. When the Libelant laid down his hammer on telephone call, and left the engine room, and proceeded to the telephone office, he was consciously and voluntarily pursuing a personal matter, an act that was not in the service of the ship. In Zurich General Accident & Liability Ins. Co. v. Brunson, 9 Cir., 15 F.2d 906 there was no intervening agency. This rule was likewise announced by the Supreme Court of Georgia in Montgomery v. Maryland Casualty Co., 169 Ga. 746, 151 S.E. 363, where the plaintiff sought to recover, under the Workman's Compensation Act, for injury received while engaged in repairing boats.

Whether the voyage began at Seattle going to Anacortes to overhaul the en-

Vandervcer & Bassett, of Seattle, Wash., for libelant.

Wright, Jones & Bronson, of Seattle, Wash., for claimant and respondent.

gine, and to repair the seine and take it on board, and then start for the fishing grounds in Alaska, is unimportant since the conclusion as above. For the foregoing reasons the libel must be dismissed. A formal order may on notice be presented.