## SMITH v. AMERICAN SOUTH AFRICAN LINE, Inc.

District Court, S. D. New York.

Jan. 2, 1941.

George J. Engelman, of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Walter X. Connor, of New York City, of counsel), for defendant.

KNOX, District Judge.

Plaintiff was a member of the crew of the Steamship City of New York. In the course of one of her voyages, the vessel called at Beira, Africa. During the time she was there, plaintiff obtained leave to go ashore upon purposes of his own. In the course of returning to the vessel, and upon a public street, about two miles from the place at which the ship was moored, plaintiff was struck by a motorcycle and severely injured. Upon returning to New York, he sued the ship's owner for maintenance and cure, and for wages until the end of the voyage. The question for decision is as to defendant's liability.

The accident occurred on March 14, 1939, and the vessel arrived in New York on the 4th of May following. Plaintiff's disablement continued to August 28, 1939, and until this date he was in a hospital in Africa. Wages were paid him to the day of his injury.

The above facts were brought to my attention at a pre-trial conference. I then summarily dismissed the claim for maintenance and cure. This was done upon the theory that inasmuch as plaintiff was not injured while engaged in the service of the ship or her owner, the claim for maintenance and cure was not sustainable. By reason of this fact, defendant contends that there can be no recovery for wages until the end of the voyage. The conten-

tion is that the right to wages is attendant only upon the existence of a valid claim for maintenance and cure.

Plaintiff, upon the other hand, argues that his right to wages to the end of the voyage has its origin in the ship's articles, and is thus independent of the question of his maintenance and cure. In other words, it is said that a seaman, injured by an agency disconnected with the ship or her owners, must, nevertheless, be regarded as being within the service of the vessel and entitled to bring suit in this court, irrespective of the sum in controversy.

The matter needs no discussion, the point upon which plaintiff insists having been ruled to the contrary in the following cases: Collins v. Dollar S. S. Lines, D.C., 23 F.Supp. 395, The President Coolidge, D.C., 23 F.Supp. 575, and Meyer v. Dollar S. S. Line, 9 Cir., 49 F.2d 1002.

The complaint is dismissed—not only as to plaintiff's claim for maintenance and cure—but also as to the wage claim.