**LILLY v. UNITED STATES LINES CO.**

District Court, S. D. New York.

June 27, 1941.

William L. Standard, of New York City (Abraham Weisberg, of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert P. Nash, of New York City, of counsel), for defendant.

KNOX, District Judge.

Motion by defendant shipowner, for summary judgment in its behalf, Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c, on two claims for relief, the first, asking indemnity for injuries sustained by plaintiff, a seaman, brought under the Jones Act, 46 U.S.C.A. § 688, and the second, for maintenance and cure.

The material facts are these: plaintiff, a waiter, on November 10, 1939, at Le Havre, France, not being on duty, went ashore in the late afternoon to exchange a pair of gloves previously purchased.

While in town he met a friend, went to his apartment and visited with him, and according to the testimony taken on examination before trial, partook of no beverages other than coffee. Early the same evening, plaintiff made his way back to the ship. It was already dark, and, France being at war, the port of Le Havre was blacked out. At about 9 p. m., plaintiff reached the dock where the ship was berthed, and feeling his way about in an effort to find the gang plank, he somehow fell from the dock (with which he was not familiar), into the water, being rescued shortly thereafter by other members of the ship's company.

Plaintiff claims there were no guards, lines, handropes or other means of protection on the dock. But nowhere does it appear that this defendant owned, operated or controlled the dock.

In his brief in opposition to defendant's motion, plaintiff concedes that he has no claim for relief under the Jones Act and asks leave to file an amended complaint, so as to declare on defendant's alleged common-law liability. But, not having made any motion, Federal Rules of Civil Procedure 7(b) (1), and no proposed amended complaint being before the Court, Federal Rules of Civil Procedure, 15(a), I cannot now grant plaintiff the relief asked.

As to the second claim based upon maintenance and cure, I am of the opinion that plaintiff was not injured while "in the service of the ship." Smith v. American South African Line, D.C., 37 F.Supp. 262, 1941 A.M.C. 212; The Berwindglen, 1 Cir., 88 F.2d 125; Barlow v. Pan Atlantic and Waterman S. S. Co., 2 Cir., 101 F.2d 697.

Motion granted.