### WAHLGREN v. STANDARD OIL CO. OF NEW JERSEY.

District Court, S. D. New York.

Oct. 22, 1941.

Jacob Rassner, of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Walter P. Hickey, of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant for summary judgment in its favor.

The action is brought under the Jones Act for damages for personal injuries alleged to have been sustained by the plaintiff on November 4, 1935, at Baton Rouge, La., while employed as a seaman on the S. S. "M. F. Elliott". There is also included a claim for maintenance and cure. The action was not commenced until October 9, 1939.

The plaintiff in his bill of particulars states that at the time of the alleged accident the S. S. "M. F. Elliott" was tied up in port at Baton Rouge, La.; that he was injured on shore "about a quarter of a mile from the dock gate" while "riding in a light one-ton truck converted into a bus"; and that he was "going ashore from the ship", after obtaining permission from the officer in charge, and was not under any orders.

These statements in the bill of particulars were amplified in the plaintiff's examination before trial, in which he testified that he was off duty when he was injured, and left the ship to purchase various articles for his own personal use. He admitted in the examination that he was not sent ashore by anyone in authority on the ship but went ashore to get a few things for himself.

■ It is well settled that the Jones Act, 46 U.S.C.A. § 688, has no application to injuries sustained outside of navigable waters. Jeffers v. Foundation Co., 2 Cir., 85 F.2d 24. Inasmuch, therefore, as the plaintiff admits that he was injured ashore, he is in no position to maintain an action under the Jones Act.

■ I think, also, that the failure to commence the action within two years after November 4, 1935, is a bar. The Jones Act prior to the amendment of August 11, 1939, provided that action must be commenced within two years after the cause of action accrued. 46 U.S.C.A. § 688; 45 U.S.C.A. § 56. This was not an ordinary limitation requirement, and was not affected by any disability of the plaintiff. Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813; Bell v. Wabash Ry. Co., 8 Cir., 58 F.2d 569, 572; Pollen v. Ford Instrument Co., 2 Cir., 108 F.2d 762.

■ Neither can the claim for maintenance and cure be upheld. The plaintiff was not injured in the service of the ship but while engaged on shore in purely personal pursuits. Collins v. Dollar S. S. Lines, D.C., 23 F.Supp. 395; The President Coolidge, D.C., 23 F.Supp. 575; Smith v. American South African Line, D.C., 37 F.Supp. 262.

The motion of the defendant for summary judgment is granted.