## WAHLGREN v. STANDARD OIL CO. OF NEW JERSEY.

District Court, S. D. New York.

Oct. 24, 1944.

Jacob Rassner, of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Louis J. Gusmano, of New York City, of counsel), for respondent.

HULBERT, District Judge.

This suit in admiralty was commenced by the filing on June 25, 1942 of a libel in rem and in personam under the provisions of the Suits in Admiralty Act of 1920, 46 U.S.C.A. § 741 et seq., for the recovery of damages for injuries sustained by the libelant, a seaman, on Nov. 4, 1935.

The libel sets forth two claims:

1. Predicated on—

"the carelessness, recklessness and negligence of the respondents, their agents, servants and employees, in failing, neglecting and omitting to provide the libelant with a reasonably safe means to exit from the vessel and means to get to shore, and in that the respondents provided the libelant with a vehicle which was operated by an incompetent, careless, reckless and negligent individual at a high, dangerous and excessive rate of speed, without said vehicle being under proper control, and that the said vehicle was operated in a dangerous manner, all of which resulted in

the libelant being thrown about while a passenger in the said vehicle, causing various parts of his person, particularly his head, to be seriously injured, and the libelant suffered other injuries as hereinafter more particularly described, * * *"

2. For maintenance and cure.

The respondent admits ownership and operation of the S/S M.F. Elliot, a merchant vessel of American Registry upon which the libelant was employed as a seaman and sets up as a third, separate, complete and distinct defense: That on the 9th day of October 1939 libelant brought a civil action against the respondent for the same causes of action stated in the libel and, on motion for summary judgment the court dismissed the complaint and final judgment was entered October 29, 1941, Wahlgreen v. Standard Oil Co. of New Jersey, D.C., 42 F.Supp. 992; that no appeal therefrom is pending or was taken and that the matters alleged in the libel are and have become res adjudicata.

The respondent further pleads that the libelant has been guilty of gross laches in bringing this action which would be barred by the statute of limitations of the State of Louisiana (2 years) where the accident occurred, or by the statute of limitations of the State of New York (3 years).

Upon an examination of the file (Civ. 5—486) it appears that the plaintiff alleged a single cause of action (1) a claim under the Jones Act, 46 U.S.C.A. § 688, and (2) for maintenance and cure.

Upon a demand for a bill of particulars requesting 30 items and 30 subdivisions in order that defendant might serve its responsive pleading, the plaintiff furnished a bill, and, after issue joined in the civil action, an examination of the plaintiff before trial was had under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The motion for summary judgment was predicated upon the pleadings, including the bill of particulars and the examination before trial.

The opinion of Judge Coxe granting the motion is reported in D.C., 42 F.Supp. 992.

█ It is to be noted that the claim for indemnity in the libel is not based upon allegations of unseaworthiness of the vessel but allegations of negligence which are substantially the same as those alleged in the civil action and, therefore, as to the first alleged cause of action the judgment in the civil suit is clearly res adjudicata.

It is vigorously contended by the proctor for the libelant, however, that the motion judge was without authority to dismiss the claim for maintenance and cure which, upon the dismissal of the claim made under the Jones Act reverted to the jurisdiction of the Admiralty Court. His argument is that a cause of action for maintenance and cure could not be maintained on the civil side of the court without diversity of citizenship. It appears from the examination before trial in that action, however, that plaintiff testified that he was a resident of the Borough of Manhattan, City of New York, and the defendant is a New Jersey Corporation.

The injuries which the libelant sustained did not occur on the vessel which was moored at a dock in Baton Rouge, Louisiana.

The record discloses that he was given shore leave; that a bus line was maintained to transport members of the crew from the dock across the property within the gate which constituted the entrance to the dock property, adjacent to the pier, and that while riding on the bus and due to the alleged negligence of the bus driver, the bus ran off the road and into a hole, throwing the libelant from his seat.

It is contended on behalf of the libelant that he has a cause of action for maintenance and cure under the doctrine laid down in the case of Aguilar v. Standard Oil Co. of New Jersey, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107. That case was decided subsequent to the dismissal of the civil suit between the parties to this litigation and the decision of Judge Coxe is predicated upon authorities then recognized as embodying the settled principles of law applicable to the situation in question. At all events, the libelant here had his remedy in the civil action by appeal.

█ This court considers itself bound by the judgment in the civil suit and upon this pre-trial under Rule 16, F.R.C.P. made applicable to Suits in Admiralty by Admiralty Rule 44½, 28 U.S.C.A. following section 723, must hold there is no triable issue of fact or law, and a decree must accordingly be rendered in favor of the respondent dismissing the libel.