## THE ALECTOR.

(District Court, E. D. Virginia. March 16, 1920.)

1. SEAMEN ⚷11—ENTITLED TO MEDICAL TREATMENT AND MAINTENANCE, IF DISEASE IS NOT DUE TO FAULT.

Seamen are entitled to a reasonable allowance for their maintenance and cure, if taken ill while in the ship's service, or within a reasonable time thereafter, arising from causes incident to their employment; but the right to cure does not involve liability for disease arising from their own vices or gross acts of indiscretion.

2. SEAMEN ⚷20—DEDUCTION FROM WAGES OF DISEASED SEAMAN FOR HOSPITAL TREATMENT.

Where a foreign seaman, after signing up, but before leaving port, contracted a loathsome disease, and on arrival at a port of the United States was detained for treatment in hospital at expense of the ship, under Immigration Act Feb. 5, 1917, § 35 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ss), and regulations thereunder, the ship *held* entitled to deduct from his wages the amount so paid for his treatment.

In Admiralty. Suit by Anker W. Henriksen against the steamship Alector. Decree for respondent.

Henry Bowden, of Norfolk, Va., for libelant.

Hiram M. Smith, U. S. Atty., of Richmond, Va., and Frank C. Miller, Asst. U. S. Atty., of Norfolk, Va., for respondent.

WADDILL, District Judge. This case turns upon the question of whether a ship may deduct from the wages of a seaman an amount paid by the ship in settlement of a bill against it for hospital charges, incurred by order of the immigration authorities, for treatment of a loathsome disease with which he was affected upon landing in this country, and for which he was properly put in hospital by the authorities. The facts briefly are that the libelant shipped at Rotterdam on or about the 20th day of October, 1919, on the Alector, for a voyage to a port in the United States, as carpenter, representing himself to be competent and physically fit. At the time of signing up, he was free from disease. Shortly before the departure of the ship on her voyage, he contracted a venereal disease, not of a sufficiently aggravated character to prevent his performing his duties on the ship, but which made him amenable to inspection, and subject to the operation of the United States immigration laws, and he was taken from the ship and sent by the proper governmental authorities to the United States Public Health Hospital near Norfolk, where he was treated and discharged, and, not being an American citizen, a bill of $27 was rendered against the ship's agents for his cure, and paid by them as the law required. The libelant thereupon filed the libel in this case to recover the balance of wages due him of $27, claiming he was not liable for such charge, and that the ship could not properly deduct the same from the wages due him.

There is nothing better settled, perhaps, in the maritime law, than that seamen are entitled to payment of wages lawfully due them, together with a reasonable allowance for their maintenance and cure, if

⚷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

taken ill while in the ship's service, or within a reasonable time thereafter, arising from causes incident to their employment; but the right to cure does not include liability for disease arising from their own vices or gross acts of indiscretion. This view is amply supported by the authorities. Chandler v. The Annie Buckman, 5 Fed. Cas. 449, No. 2,591a; Pierce v. Patton, 19 Fed. Cas. 636, No. 11,145; The Mary Sanford (D. C.) 58 Fed. 926; The Bouker No. 2,241 Fed. 831, 833, 154 C. C. A. 533, and note; 35 Cyc. 1200, 1201, and cases cited; The Ellen Little (D. C.) 246 Fed. 151, and cases cited—the last-named case bearing especially upon the right to deduct from seamen's wages on account of damages sustained by reason of failure faithfully to perform their duties.

That the libelant was a person not entitled to land in the United States, except temporarily for treatment, and then to be subject to the laws and regulations respecting the admission of aliens affected with a loathsome disease, is not denied, and that he was subject to detention and treatment in hospital at the expense of the ship is entirely clear from the provisions of Immigration Act Feb. 5, 1917, 39 Stat. 874, §§ 11, 32, 35 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼f, 4289¼r, 4289¼ss), and subdivision 5 of the Regulations promulgated pursuant to the act by the Commissioner of Immigration. That this expense was lawfully incurred on account of the ship, and has been paid by the ship, is likewise not in dispute, and, so far as the government is concerned, it has no further interest in the matter.

The sole question here involved is whether the ship should be reimbursed the expense thus incurred, by deduction of the amount from the wages due the libelant. If the ship was not originally liable for the cure of the libelant under circumstances such as here, there would seem to be no good reason why, if she has been put to expense and required to pay for such cure by the government, against her consent, she should not deduct the same from the wages due; and it will be so ordered, and the libel dismissed.