## THE CONISCLIFF.

(District Court, S. D. Alabama.   July 19, 1920.)

### No. 1772.

Seamen ⊂⇒20—Vessel entitled to offset against wages cost of medical treatment for disease not contracted in service.

Where the alien mate of an American schooner, while indulging his own vices on shore, contracted a venereal disease, and on arrival in a port was sent by the medical officer to a marine hospital, the vessel, which was required by the government authorities to pay for his treatment, *held* entitled to offset such payment against wages due him.

In Admiralty.   Suit by Ernest Anderson against the American schooner Coniscliff.   Decree for respondent.

Alex T. Howard, of Mobile, Ala., for libelant.
Stevens, McCorvey & McLeod, of Mobile, Ala., for claimant.

ERVIN, District Judge.   This is a libel filed by Ernest Anderson, seeking to recover $88 as wages for services rendered as mate on said schooner.   There is no dispute about the fact that he was employed to serve as mate, and that he did serve in that capacity, and that the amount claimed was owing to him for such services.

The vessel sets up in the answer, however, that Anderson is a citizen of Sweden, who has filed his declaration of intention to become an American citizen, but has not yet been declared such; that after he was employed, and entered upon the service as made, he contracted a venereal disease through indulgence of his vices, and not from any cause or causes incident to his employment; that when the vessel arrived at Mobile the disease had manifested itself, and the medical officer, upon examination of libelant at Ft. Morgan, ordered him to be sent to the Marine Hospital for treatment; that he was sent there, and remained some time, until cured; and that the cost of his treatment at such hospital was $130.75, which the vessel was required to pay.

It is well settled that, while the vessel is liable for the cure and maintenance of a sailor who is taken ill while serving the vessel, she is not liable for such maintenance and cure when the disease was contracted from the indulgence by the sailor in case of gross indiscretion, or indulging his own vices.   There is no dispute in this case about the fact that libelant contracted the disease on shore in the indulgence of his own vices and not while in the service of the vessel.   The question then arises whether the vessel has a right to set off against the libelant's demand for wages earned by him the amount she was forced to pay to the government for his maintenance and cure.   The vessel makes no claim for anything more than the right to defeat the claim for wages sued on, though the amount they paid was in excess of the unpaid wages now due libelant.

It is true in this case that libelant was not sent to the hospital at his own request, but that he protested being sent there.   It is also true

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that, under the legislation by Congress in favor of sailors, he should have been entitled to treatment in the hospital free of cost; but, an appropriation not having been made by Congress sufficient to maintain the Marine Hospital Service, it was found necessary to make charges for such services, and the charges, when made, were required to be paid by the vessel.

In this case, Anderson not being a citizen of the United States, the vessel was required to send libelant to the hospital under the provisions of section 32 of the immigration laws (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼r), which provide:

"That no alien, excluded from admission into the United States by any law, convention, or treaty of the United States, regulating the immigration of aliens, and employed on board of any vessel arriving in the United States from any foreign port or place, shall be permitted to land in the United States, except temporarily for medical treatment, or pursuant to regulations prescribed by the Secretary of Labor providing for the ultimate removal or deportation of such alien from the United States. * * *"

The claim of the answer for reimbursement is not based upon any request of libelant that he be sent to the hospital, but upon the doctrine of the general maritime law, giving a right to deduct from the wages of an officer damages caused to the vessel by his wrongful act or failure to serve faithfully. Willard v. Dorr, Fed. Cas. No. 17,680; Scott v. Russell, Fed. Cas. No. 12,546; The T. F. Whitton, Fed. Cas. No. 13,-849; The Marjory Brown (D. C.) 134 Fed. 999; The Ellen Little (D. C.) 246 Fed. 151.

The vessel in this case was required under the federal regulations to send libelant to the hospital, and to pay the cost. This requirement grew out of the fact that libelant had contracted the disease while indulging in his own vices while ashore in Porto Rico, and this caused the immigration authorities to order him sent to the hospital at the cost of the vessel, and it seems to me, while not being literally a failure to serve faithfully, because in this case libelant did perform his services until he came here, still it is of the same nature as a failure to serve, because the damages were caused to the vessel by libelant's wrongful indulgence in his own vices. The vessel certainly would not have been required to pay this cost, but for the wrongful act of libelant.

The same question was presented and ruled on in the Alector (D. C.) 263 Fed. 1007, where Judge Waddill held, and I think correctly, that the ship had a right to be reimbursed the expense she had incurred by deducting it from the wages due to libelant.

A decree will therefore be entered, dismissing the libel, as the sum paid by the vessel exceeded the amount of the wages unpaid to the libelant.