## TRIMM v. UNITED FRUIT CO.

District Court, S. D. New York.

July 15, 1941.

Silas B. Axtell, of New York City (Dominick Blasi, of Brooklyn, N. Y., of counsel), for plaintiff.

W. Dale Williams and Burlingham, Veeder, Clark & Hupper, all of New York City (C. B. M. O'Kelley, of New York City, of counsel), for defendant.

KNOX, District Judge.

For six or more years, plaintiff was employed as an engineer upon ships owned or operated by defendant. Upon his last voyage, and while engaged in performing his duties, he fell to the floor plates, sustaining a superficial injury to his head. The man remained in a coma, and was finally flown ashore and placed in a hospi-

tal. During his stay there, he became violent and had to be restrained. After a time he quieted down and was brought to New York and given treatment in a marine hospital. Subsequently, he was removed to a State institution where he has received treatment that materially improved his condition.

At the present time he is engaged in doing odd jobs about the hospital and its grounds. Although he speaks fairly well and is able to co-ordinate his movements, his memory is exceedingly poor and he is prone to make contradictory statements.

In making claim against the defendant for indemnity, plaintiff asserted that, in tending the engine of the ship on which he was employed, he slipped and, in falling, was struck by a crank shaft on the machinery. Upon the trial, the occurrence of such an accident, in my judgment, was without credible substantiation. Upon the issue, I ruled in defendant's favor and dismissed the claim. However, plaintiff also declared upon a count of maintenance and cure, and upon this the case went to the jury, which gave him a verdict.

Upon the trial, and when the proofs were closed, defendant moved that a verdict be directed in its favor, upon the ground that the evidence showed affirmatively that plaintiff's disability was directly traceable to a long standing syphilitic condition. Decision upon this motion was reserved. Following the verdict, defendant asked that it be set aside, or, in the alternative, for a new trial, upon the ground that the jury's conclusion is contrary to law, contrary to the evidence, against the weight of evidence, etc., and "upon the further ground that defendant is not liable for any expenses of maintenance and cure, past or future, of plaintiff, his disability since March 10, 1939, having been due solely to syphilis, a loathsome disease of long standing brought on by his own vices." Rulings upon these motions are now in order. The last mentioned motion must be granted.

About ninety years ago, Judge Betts, in Chandler v. The Annie Buckman, 5 Fed. Cas. 449, 450, No. 2,591a, said that "a sailor is not entitled to be treated on shipboard at the expense of the ship, nor to wages, whilst disabled by disease brought on by his own vices, nor when he, being in a diseased state, ships as an able man, the master and owners being ignorant of his real condition."

In the generations that have since come and gone, numerous courts have accepted Judge Betts' statement as representing the law upon this subject matter. See The Alector, D.C., 263 F. 1007; The Coniscliff, D.C., 266 F. 959; The S. S. Berwindglen, 1 Cir., 88 F.2d 125.

My own view is that the rule should be somewhat relaxed, and for the following reasons: Plaintiff acquired his disease many years ago, and in his youthful days. He took treatment for the disorder and regarded himself as cured. For thirty years or more, he has apparently discharged his responsibilities as a mechanic and engineer with fidelity, devotion and competence, a substantial portion of that time being spent in the service of defendant.

That promiscuous and unsanctioned sexual intercourse is a vice is indisputable. Among seamen, however, such extra marital relationships are not only recognized, but condoned. And, upon the humanities, and in this instance, upon equitable consideration, I personally think plaintiff should have the benefit of maintenance and cure at the expense of defendant. Defendant, it appears, made no effort to ascertain if plaintiff was infected with his ailment. The Company accepted him into its employ as he believed himself to be—a physically strong and competent engineer.

Plaintiff's attack came upon him while in the service of defendant's vessel, and, to my mind, it is a harsh doctrine that his sin of thirty or more years ago should deprive him of the benefit of the humanitarian boon that the law ordinarily bestows upon seamen who become sick and disabled. If, through some injury occurring on the ship, and in the line of his duties, plaintiff's disease had "lighted" up and brought about his disablement, he would, I assume, under the decision in Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993, be entitled to recover. See, too, Loverich v. Warner Company, 3 Cir., 118 F.2d 690, 1941 A.M.C. 604.

Whether plaintiff's unexpected and sudden onset of paresis was superinduced by some occurrence on the ship, none can tell. His own fatigue, the heat of the engine room, a forgotten bruise or other minor injury may have served to activate his disease and bring about his stroke. These are matters about which speculation may be had, but each and all of them are inconclusive. It is not improbable, I imagine, that many seamen have disease germs within their

systems that were acquired through some untraceable personal fault, indiscretion or willful misconduct. Being untraceable or unadmitted, such previous wrongs do not serve to penalize a seaman who, when the germs finally take their toll, falls ill upon his ship. For the youthful error of this plaintiff who, so far as appears otherwise, was a decent, respectable man, and one that efficiently performed his duties over many years, the law, in my opinion, should grant absolution. Nevertheless, upon the facts as here shown, the illness of plaintiff is definitely attributable to a voluntary vice of his own, and for which defendant, under existing law, is in no way responsible. It follows that plaintiff cannot recover. The verdict of the jury will be set aside and the complaint dismissed.