## ZAMBRANO v. MOORE–McCORMACK LINES, Inc.

No. 52.

Circuit Court of Appeals, Second Circuit.

Nov. 13, 1942.

---

[1] Standard Acc. Ins. Co. v. Alexander, 5 Cir., 103 F.2d 500; Dallas Opera House Ass'n v. Dallas Enterprises, Inc., Tex.Com.App., 298 S.W. 397; General Acc. Fire & Life Assur. Corp. v. Butler's Ice Cream Factory, Tex.Com.App., 5 S.W.2d 976; Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 110 A.L.R. 529.

[2] Dunn v. Travelers Indemnity Co., 5 Cir., 123 F.2d 710.

Jacob Rassner, of New York City (Charles J. Hyman, of New York City, of counsel), for plaintiff.

Corydon B. Dunham, of New York City (Eugene J. Davidson, of New York City, of counsel), for defendant.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is an action by a seaman against the owner of the vessel on which he was employed. His complaint is in two counts: The first, based on section 33 of the Jones Act, 46 U.S.C.A. § 688, alleged that he sustained injuries on December 2, 1940 from a fall caused by the defendant's negligence in permitting the deck to become greasy; the second alleged breach of the shipowner's duty to provide maintenance and cure. Both causes of action were submitted to the jury which returned a verdict for the defendant on the first count, and awarded the plaintiff $2,260 on the second. From a judgment entered on the verdict both parties have appealed.

On the plaintiff's appeal no complaint is made of the conduct of the trial or the jury's verdict in so far as the first cause of action was based upon the negligence alleged in the complaint, namely, failure to furnish the seaman a safe place to work. But it is contended that the plaintiff's bill of particulars and evidence brought into the case. the issue of negligence by the defendant in failure to relieve the seaman of his duties and to provide him with proper medical treatment. Although the complaint contained no such charge and no motion to amend the complaint was made, the plaintiff asked to have the issue of failure to treat submitted to the jury under the first count. The trial judge denied this request on the ground of failure of proof. The correctness of this ruling is the sole issue presented by the plaintiff's appeal. It requires a discussion of the evidence.

The plaintiff testified that while on shore leave at a South American port, he visited a house of prostitution and there contracted a venereal disease, the symptoms of which appeared during the course of the voyage. The vessel arrived at New York on January 10, 1941 and the crew was paid off the following morning, at which time the plaintiff was given a hospital slip. On January 13th he was admitted to the U. S. Marine Hospital at Stapleton, Staten Island, where his condition was diagnosed as secondary syphilis. He was still undergoing treatment at the time of the trial in April 1942. The hospital records disclose that he told the doctors that the date of intercourse was December 24, 1940 and the symptoms first appeared January 7th. On the trial, however, he testified to earlier dates, namely, November 28th and about December 18th respectively. We must assume in the appellant's favor that the jury would have accepted the earlier dates. There was testimony that the medical profession considers it unwise for a man afflicted with syphilis to engage in strenuous work. But there was no testimony that the ship's officers knew, or should have known, this medical view. Indeed, Dr. Engl, a witness called by the plaintiff, said that the ordinary person "would not have the right to diagnose" the symptoms and give treatment for syphilis. We can find no testimony contradicting Dr. Engl's opinion. Nor was there any evidence that the ship's officers knew Zambrano had syphilis. The most that he told them was that he had a venereal disease. The mate understood Zambrano to say it was gonorrhea. We think the trial judge correctly ruled that there was no evidence of negligence in

failing to treat the seaman for syphilis or failure to relieve him from work.

■ The seaman claims also that he should have been discharged at Jacksonville to permit him to get hospitalization. He testified that he told the master that he wanted to get off and go to a hospital and the master refused permission because he had already made up the pay-off papers for New York. The credibility of this story is much weakened by the fact that Zambrano went ashore at Jacksonville on January 6, 7 and 8 and at no time made any attempt to consult a physician. The master had no opportunity to deny the story since his testimony was by deposition taken prior to the trial and neither the complaint nor the bill of particulars gave any inkling of a claim based on refusal to discharge the plaintiff during the voyage. We may assume without decision that when a seaman tells the ship's master that he wants to leave at an intermediate port to be hospitalized for a venereal disease, he ought to be granted his discharge if it is apparent that his health may be endangered by requiring him to continue the voyage. But there is no proof that the master knew or should have known that there was such danger; nor, indeed, that the plaintiff's disease was aggravated by the few days elapsing between arrival at Jacksonville on January 6 and arrival at New York on the 10th. On this issue also there was no evidence of negligence sufficient to go to the jury, even if it be assumed that the issue was in the case despite the silence of the complaint and bill of particulars with respect to it. On the plaintiff's appeal the judgment must be affirmed.

■ On the defendant's appeal the judgment awarding recovery for maintenance and cure must be reversed. To the general rule of the maritime law that a seaman who falls sick during a voyage is entitled to maintenance and cure, there is a firmly established exception in case the illness arises from his own vices or wilful misconduct. Benedict, Admiralty, 6th Ed. § 627; Aguilar v. Standard Oil Co. of New Jersey, 2 Cir., 130 F.2d 154, 155; Barlow v. Pan Atlantic S. S. Corp., 2 Cir., 101 F.2d 697, 698; The S. S. Berwindglen, 1 Cir., 88 F.2d 125, 128; Lortie v. American-Hawaiian S. S. Co., 9 Cir., 78 F.2d 819, 821. The plaintiff has cited no authority to the contrary; nor do we know of any unless it be The Quaker City, D.C.E.D.Pa., 1 F.Supp. 840, which, if so construed, this court dis-

approved in the Barlow opinion, supra. That the plaintiff's disease was such as to put him within this exception to the general rule providing for maintenance and cure is beyond question. Chandler v. The Annie Buckman, D.C.S.D.N.Y., 5 Fed.Cas.No. 2591a; Pierce v. Patton, D.C.E.D.Pa., 19 Fede.Cas.No.11145; The Alector, D.C.E.D. Va., 263 F. 1007; The Coniscliff, D.C.Ala., 266 F. 959, reversed on other grounds 5 Cir., 270 F. 206; Mariano v. S. S. Wytheville, D.C.E.D.Pa., 1936 A.M.C. 1281; Trimm v. United Fruit Co., D.C.S.D.N.Y., 41 F.Supp. 395.

Judgment affirmed on plaintiff's appeal; reversed on defendant's.