### KABLE v. UNITED STATES.
No. 245, Docket 21305.

United States Court of Appeals
Second Circuit.

Argued May 12, 1949.

Decided June 9, 1949.

CLARK, Circuit Judge, dissenting.

———————

Thomas A. McDonald, New York City, for appellant.

John F. X. McGohey, United States Attorney, New York City, by Haight, Deming, Gardiner, Poor & Havens, New York City (James M. Estabrook and Edgar R. Kraetzer, New York City, of counsel), for appellee.

Before CHASE, CLARK. and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal by libelant, Paul E. Kable, from a final decree in admiralty, dated December 3, 1948, entered in the United States District Court for the Southern District of New York, dismissing his libel brought against respondent, the United States, as owner of the S. S. "George Vickers," for unpaid wages, maintenance and cure, and for damages for personal injuries sustained by Kable in a fight between Kable (first mate of the "George Vickers") and Svedman, who was chief engineer of this vessel.

A former final decree dismissing the libel and awarding costs to respondent was entered by the District Court January 23, 1948, 77 F.Supp. 515, 519. On appeal from that decree taken to this Court, this former final decree was affirmed in so far as it dismissed the claim of libelant for damages for personal injuries; but this decree was reversed in so far as it dismissed the claims of libelant for maintenance and cure, unpaid wages and damages for unpaid wages and the case was remanded to the District Court for the entry of findings upon these latter issues, particularly upon the issue of wilful misconduct, and for the entry of an appropriate decree in the light of the findings so made. The opinion of this Court, dated July 31, 1948, is reported at 169 F.2d 90.

On November 23, 1948, the District Court made further findings of fact and conclusions of law and disallowed any award for maintenance, cure, or wages. Final decree dismissing the libel and allowing costs to the United States was entered by the District Court on December 3, 1948. It is from this final decree that the present appeal is taken by libelant.

The further findings of fact by the District Judge after the remand were:

"1. About an hour or so after the initial assault by Kable on Svedman, Kable yelled two or three times in the alleyway outside of his and Svedman's rooms that 'he wanted his gun back and had ways and means of getting it.'

"2. Svedman thereupon left his room and went towards Kable's room to stop the yelling, which was disturbing Svedman and the other officers, and to produce quiet on board and the fighting between the two men was resumed.

"3. Kable's yelling, together with the language used by him, was a continuation of his original wilful misconduct in assaulting Svedman and Svedman was entitled to regard Kable's language and his presence in the alleyway as a threat by Kable to do Svedman further bodily harm.

"4. These acts of Kable precipitated Svedman's attack on Kable.

"5. The injuries sustained by Kable were the result of his own wilful misconduct."

As his one further conclusion of law, the District Judge found that Kable was not entitled to any award for maintenance, cure, or wages, and his claims therefor were disallowed.

We are urged by counsel for libelant on the present appeal to reverse the deci-

sion of the District Court against the libelant on his claim for personal injuries received in the second fight between libelant and Svedman. The basis for this contention appears to be finding of fact number 2 of the District Judge after remand. This finding (quoted above) reads:

"2. Svedman thereupon left his room and went towards Kable's room to stop the yelling, which was disturbing Svedman and the other officers, *and to produce quiet on board* and the fighting between the two men was resumed."

Libelant's counsel lay great stress upon the portion of this finding which we have italicized, as indicating that Svedman inflicted the injuries upon Kable in carrying out the ship's business.

The events leading up to the two fights between Kable and Svedman, together with the details of these fights, were discussed at some length by Circuit Judge Clark in his opinion in this Court on the previous appeal. We see no occasion to add here a blow by blow description.

We note, however, that this precise question was effectively disposed of against libelant in Judge Clark's opinion in connection with Svedman's testimony that "he had gone to Kable's room 'to silence him; to stop him from yelling'; and *'to preserve quiet aboard the ship.'*" (Italics ours.) 169 F.2d at pages 92–93. Accordingly, there is no need whatever, on the present appeal, to re-open this question, which was effectively determined on the previous appeal.

This brings us to the claim of libelant for maintenance and cure. On the prior appeal, 169 F.2d at page 93, this Court held (citing authorities): "It is settled that a seaman cannot recover for maintenance and cure if the injury was the result of his own wilful misconduct." This Court (same citation) then went on to say:

"In order to establish wilful misconduct of a kind that would bar libelant's recovery, it must appear that his later acts were the precipitating *cause* for Svedman's attack. Here we are unable to determine whether relief was denied Kable because he initially started the fight or be-

cause of the threatening language used just before the final assault. Thus we do not know whether the court considered the threatening language to constitute such misconduct in the light of the situation as it had then developed or even whether the threats were *wilfully* made." (Italics ours.)

And the opinion ended with this paragraph, 169 F.2d at page 94:

"The judgment of this court is therefore that the decree appealed from be affirmed as far as it dismisses the claim for damages for personal injuries, but that it be reversed so far as it dismisses the claim for maintenance and cure, unpaid wages, and damages for unpaid wages, and that the case be remanded for the entry of findings upon these latter issues, particularly upon the issue of wilful misconduct, and for the entry of an appropriate decree in the light of the findings as made."

The findings of the District Judge after remand, which are set out in full above, were unquestionably unfavorable to libelant and utterly inconsistent with any valid claim of his for maintenance and cure. These findings are binding upon us unless we can say that they are clearly erroneous. As this Court (with citations) said in its prior opinion, 169 F.2d at page 91:

"* * * Inevitably the participants are widely apart in their reports as to the cause and course of the combat, and the district judge has held the story told by Svedman, with some support from Tregler, the second assistant engineer, more believable than the one told by libelant. Obviously such resolution of disputed testimony cannot be said to be clearly erroneous; and consequently, under repeated decisions of this court, the court's findings of fact must stand."

In the light of the entire record in this case, and the story of the two fights between Kable and Svedman, recounted at length in this Court's prior opinion, we must sustain the District Judge's findings after remand, and we must uphold his decree (based on those findings) which denied any recovery to libelant for maintenance and cure and dismissed the libel. See, Aguilar v. Standard Oil Co., 318 U.

S. 724, 730, 731, 63 S.Ct. 930, 87 L.Ed. 1107; Barlow v. Pan Atlantic Steam Ship Corporation, 2 Cir., 101 F.2d 697, 698; The Berwindglen, 1 Cir., 88 F.2d 125, 128; Lortie v. American-Hawaiian Steam Ship Co., 9 Cir., 78 F.2d 819, 821.

Judge Clark in his opinion on the prior appeal, 169 F.2d at page 93, thought the libelant was entitled to maintenance and cure and that "the remand should be only for the purpose of fixing the amount"; but the majority of the judges did not so hold. Conversely, if this Court, on the prior appeal, had thought that libelant had no claim for maintenance and cure under any sustainable findings of the District Judge, we must presume that this Court would not have indulged in the futile gesture of remanding the case to the District Court for further findings. If then we are right in sustaining these further findings, it would seem that we must affirm the decree below, and this we do.

Accordingly, the decree of the District Court dismissing the libel is affirmed.

Affirmed.

CLARK, Circuit Judge (dissenting).

In view of both the fact and the form of remand before, the opinion herewith cannot be considered at all unreasonable, or indeed unexpected. For like reasons I have no ground (save error) for changing my views previously expressed, 2 Cir., 169 F.2d 90, 93, 94, in the light of the added formal and conclusory findings below that "Svedman was entitled to regard" Kable's conduct as a threat of further bodily harm, etc. Nor has time convinced me of error in my conception of the law, particularly as it has been quoted approvingly in high judicial quarters. Dillon's Case, 324 Mass. 102, 85 N.E.2d 69, 72, and see also 2 Nacca L.J. 37, 144, 149, 250. The question still remains whether a seaman who, it is true, has engaged in a drunken brawl with another seaman has put himself so far beyond the pale that he is fair game for the other's revengeful assault "about an hour or so" later. Remember that on Svedman's own testimony he had gone back to his room—three rooms removed from Kable's—and remained there for an hour or so when he heard Kable calling for his gun, that Kable made these calls two or three times over an interval of five minutes, and that only thereafter did Svedman go after Kable. Remember, too, that, as I view it, this is not a question of recompense for the injuries—though the finding now entered that Svedman was aiming "to produce quiet on board" (sic!) does raise a dilemma as to a more general liability which libelant has been quick to exploit; it is a question of bare maintenance and cure for an injured seaman. The result of this case is to endorse, for shipowners, the attitude of the captain here when sent for, "To hell with them. It is their fight."[1]

Had this all happened when the ship was at sea, would the same barring of all help because of misconduct obtain? Or should the injured seaman be set adrift as proper punishment?

---

[1] In justice to the respondent, it should be said that it does not appear to have taken literally the position which the law as now declared would have allowed it to take. Indeed it asserts vigorously that it did in fact provide all the maintenance and cure which could possibly be required of it. That, however, would present an issue of fact to be decided by the district court.