**AUSTIN v. UNITED STATES.**
Admiralty No. 1443.

United States District Court
D. Massachusetts.

Jan. 5, 1950.

---

Louis H. Casson, Boston, Mass., for plaintiff.

Edward O. Gourdin, Assistant United States Attorney, and Thomas H. Walsh, Boston, Mass., for the United States.

WYZANSKI, District Judge.

Libellant joined the S. S. Oliver Hazard Perry as a second assistant engineer for the voyage beginning April 15, 1946. At the time he had a gonorrheal infection due to promiscuous sexual intercourse. During the voyage the infection developed into chronic prostatitis. On that account he left the vessel at Bremerhaven for treatment. Before he left he had earned (in addition to other sums) $49 which admittedly is still due him. Had he not left he would have earned before the end of the voyage additional wages of $477.50 and he would not have had to pay $137.35 for his fare from Germany to the United States. He is admittedly entitled to judgment for

at least $49 but he claims $663.88. The issue is whether when a seaman leaves the ship before the end of the voyage because he needs treatment of a venereal disease contracted before his employment he is entitled to wages to the end of the voyage and to his fare to the vessel's home port.

The precise point was decided adversely to the seaman in Chandler v. The Annie Buckman, D.C., 5 Fed.Cas. p. 449 No. 2,591a, a case involving wages. That case was cited with approval in Aguilar v. Standard Oil Co., 318 U.S. 724, 731, 63 S. Ct. 930, 87 L.Ed. 1107. It is in accord with Trimm v. United Fruit Co., D.C.S.D. N.Y., 41 F.Supp. 395, a case involving cure and maintenance. And it lays down the type of exception to a shipowner's liability in case of sickness which is contemplated by Article 2 § 2 of Convention No. 55 of the I.L.O., effective in the United States since October 29, 1939, 54 Stat. 1693. If Lindquist v. Dilkes, 3 Cir., 127 F.2d 21, is to the contrary, I decline to follow it.

Judgment for libellant for $49.