## CONDON v. GRACE LINE et al.
### No. 29473.

United States District Court
N. D. California, S. D.
Feb. 13, 1951.

Gladstein, Andersen, Resner & Sawyer, San Francisco, Cal., for plaintiff.

Wallace, Garrison, Norton & Ray, San Francisco, Cal., for defendants.

MURPHY, District Judge.

This is an action brought by plaintiff pursuant to the provisions of Section 33 of the Act of June 5, 1920, c. 250, 41 Stat. 1007, 46 U.S.C.A. § 688, familiarly known as the Jones Act.

The complaint sets forth two causes of action.

In the first plaintiff alleges he was assaulted by a fellow member of the crew (one Bassham) known to be a violent, quarrelsome and belligerent person. The assault allegedly occurred while aboard the S. S. Anchor Hitch. The injuries consisted of a serious fracture of plaintiff's right ankle, which he alleges will leave him permanently disabled to his general damage in the sum of Fifteen Thousand Dollars, ($15,000.00).

The second cause of action among other things alleges the assault hereinabove referred to and the treatment for the injury as a patient at the U. S. Marine Hospital from September 6, 1949 to December 9, 1949. Plaintiff further alleges that since December 9, 1949, he has been an out patient at the Hospital and as such is entitled to maintenance money at the rate of Six Dollars ($6.00) per day to the termination date of such out patient treatment.

No jurisdictional question is raised by the defendant Grace Line, a corporation.

In its answer to the first cause of action defendant alleges that plaintiff on or about September 4, 1949, at San Pedro, California, returned to the S. S. Anchor Hitch in a drunken and intoxicated condition and that shortly after the vessel sailed he wilfully assaulted a member of the crew (Bassham) as a result of which the injury complained of occurred; that the injury was the direct and proximate result of the gross and wilful misconduct of the plaintiff.

The same defense is substantially set forth in answer to plaintiff's second cause of action.

Plaintiff's deposition was read into evidence, in the absence of his personal appearance by stipulation of respective counsel.

The pertinent facts therein contained may be stated substantially as follows:

While ashore at Punta Arenas, prior to the San Pedro incident, plaintiff had words with Bassham, the other crew member involved. This verbal encounter was apparently occasioned by plaintiff's attempt to intrude himself and his female companion into the company of Bassham and his friends while at a cabaret to the annoyance of Bassham. However, nothing

untoward occurred, nor does the record reflect any other incidents until the San Pedro episode on September 4, 1949.

On that date plaintiff's deposition discloses that he went ashore at approximately 12:30 P.M. returning at about 5:30 P.M. having had luncheon with his sister. He admitted drinking a couple of beers.

Upon his return to the vessel he met Bassham, also known as "Blackie" in an alleyway aboard ship. Certain vulgar language was exchanged between the two, culminating in Bassham's attempt to strike plaintiff. The blow failed its mark, but plaintiff fell to the deck with the roll of the ship receiving the injuries of which he now complains.

Plaintiff was picked up by other crew members and taken to his bunk. When the ship docked at San Francisco the following morning he was removed to the Marine Hospital.

The deposition of Bassham, also read into evidence upon the trial by stipulation, discloses that he has been a seafaring man since 1931, and has since that time been employed by a variety of steamship companies.

There is little, if any, conflict in his testimony regarding the Punta Arenas incident to which reference has been made herein.

With respect to plaintiff's injury, however, Bassham's testimony is in sharp conflict with that of the plaintiff Condon.

Without detailing the conflicts minutely, it appears according to Bassham's testimony that plaintiff was intoxicated prior to and at the time of the altercation, and that he himself attempted to strike Bassham, and to kick him in the groin. The prelude to this was plaintiff's insistence on having more to drink in Bassham's quarters. Bassham admits an attempt to strike plaintiff, after the latter had made the same attempt in Bassham's direction.

 The record is barren of any evidence to substantiate plaintiff's allegation that Bassham was known to the officers of the vessel to be a violent, quarrelsome and belligerent person.

Conversely the conclusion is inescapable that plaintiff was the instigator of the friction which began at Punta Arenas and became acute aboard ship on the day he sustained injury.

The facts as revealed in the testimony impel this Court to hold that plaintiff was hurt as a result of his own drunken condition which caused him to promote the discord which resulted in his injuries. "Plaintiff was the author of his own misfortune." Vide-Meyer v. Dollar S. S. Line, 9 Cir., 49 F.2d 1002; The Alector, D.C., 263 F. 1007.

Under the law and the facts he can recover neither damages nor maintenance.

By virtue of the Court's decision it is unnecessary to rule upon defendant Grace Line's motion for summary judgment upon plaintiff's first cause of action.

Judgment for defendant Grace Line, a corporation, as prayed for, together with costs.

Findings of fact and conclusions of law will be prepared in accordance with the rule.