John **FARDY**

v.

**TRAWLER COMET, Inc.**

No. 54–48.

United States District Court
D. Massachusetts.

Sept. 30, 1955.

George Broomfield, Boston, Mass., for plaintiff.

John M. Geaghan, Thomas H. Walsh, Boston, Mass., for defendant.

ALDRICH, District Judge.

This libel for maintenance raises a question somewhat complementary to that considered in Hazelton v. Luckenbach S.S. Co., D.C., 134 F.Supp. 525. In the present case libellant shipped aboard the respondent's fishing vessel Comet on December 6, 1952. He was not asked to, and did not, disclose anything about his health or prior medical history. On December 31, 1952, following his return from his second trip on the Comet, he was unable to work until he had a thyroid operation and had recovered from its effects. He seeks maintenance for that period, and payment of his medical expenses. Respondent defends on the basis of his non-disclosure, and on the ground that it is not liable for an illness which did not really occur on its vessel. In my opinion it is correct in both respects.

During the summer and fall of 1952 libellant fished off a number of vessels belonging to different owners—the Wisconsin, the Crest, and the Rosalie D. Morse. While on the Wisconsin in July he was taken with what was thought to be a serious attack. His symptoms were rapid pulse with pain and smothering sensations in the chest. The trip was interrupted and he was brought in to the hospital. He was laid up for a short period, for which he received maintenance from the Wisconsin, and then returned to work. His symptoms continued off and on throughout the balance of the year. The records indicate that at times they were marked, but they were not progressive. While occasionally they came on while he was at rest, in general they were most marked while he was working, and during the first week after the end of some trips when he would stay ashore and rest before starting another. On November 25th his condition was diagnosed as abnormal thyroid, and he was advised to have an operation within two months. Consequently, when he shipped aboard the Comet he knew from past events that there was a good possibility that the work would prove too much for him in his then condition, and that he would not be able to travel regularly on every trip. Furthermore, he knew that in all probability he would have an operation that would require a week in a hospital and a period of convalescence.

In my opinion this case falls squarely under the decisions holding that a seaman is bound to disclose to a prospective employer the existence of a disease which he knows is likely to incapacitate him. See Hazelton v. Luckenbach S.S. Co., supra. Libellant's history during the last six months of 1952 indicates that he was playing a game of Old Maid, the lady to be found in the hand of that vessel which was currently employing him when he would finally have to suspend work for an extended period. Furthermore, I do not believe that maintenance, however much it may have been extended in recent years, was intended to impose liability for an operation elective as to time which the seaman knew about before his employment. Burns v. United States, D.C. E.D.Pa., 62 F.Supp. 603; cf. Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311,

48 S.Ct. 512, 72 L.Ed. 895. Perhaps this is another way of saying the same thing, but quite apart from non-disclosure I have serious reservations about the application of maintenance to a seaman shipping out of his home port and returning to that port at the end of the voyage, where no accident occurred, and no illness grew measurably worse during the voyage than it had been before. Cf. Miller v. Lykes Brothers-Ripley S.S. Co., 5 Cir., 98 F.2d 185, certiorari denied 305 U.S. 641, 59 S.Ct. 150, 83 L.Ed. 413; cf. Austin v. United States, D.C.Mass., 91 F.Supp. 720. In Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107, in explaining the basis of the obligation of maintenance, the court said, 318 U.S. at page 734, 63 S.Ct. at page 936, "If * * * the seaman * * * contracts disease or incurs injury, it is because of the voyage, the shipowner's business." While "contracts disease" is to be read in the light of the court's opinion in Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993, the basis of libellant's claim here is quite different.

Libel dismissed, with costs.