George Broomfield, Boston, Mass., for libelant.

Thomas H. Walsh, John M. Geaghan, Boston, Mass., for respondent.

**John FARDY**

v.

**ROEN TRANSPORTATION CO.**

No. 56-5.

United States District Court
D. Massachusetts.

March 23, 1956.

ALDRICH, District Judge.

This is an action for maintenance and cure. Libelant, while a member of the crew of the respondent's fishing vessel Wisconsin, became ill in July, 1952. The symptoms were suggestive of a heart attack and he was brought ashore to the Marine Hospital. There, after various tests, he was informed that there was nothing the matter with him. Thereafter he shipped on several other vessels, and did not ship again with the respondent. His symptoms continued from time to time, and the hospital continued to make a negative diagnosis. In November he settled his claim for maintenance and cure on a per diem basis of 15 days disability, and executed what was stated to be a complete release for all past and future liability.[1]

The day following the release libelant went to another hospital, where he was diagnosed as having a thyroid condition and advised to have an operation. He then shipped on another vessel, the Comet, and returning, had the operation performed in January, losing several

---

1. Libelant contends that this release was for no more than the minimum due. I disagree. He was diagnosed and discharged from further visits to the hospital only four days after the commencement of his symptoms. They never grew any worse, and he worked with them for five months thereafter. Fifteen days was more than the minimum claim.

weeks as a result. On or before July, 1953, he consulted present counsel. He told counsel about having been taken sick on the Wisconsin, and "told him the whole case right down through." Counsel instituted a suit against the owners of the Comet. That action was lost because it appeared that no illness originated on the Comet, and, further, that libelant knew, before shipping on her, that he was going to have to have the operation. Fardy v. The Comet, D.C.D. Mass., 134 F.Supp. 528. Three months after that decision he instituted the present suit.

The principal defenses raised by this respondent are the release, and laches. So far as the release is concerned I find that there was no misrepresentation and no overreaching. Libelant knew that it was a full release. He had made a number of trips aboard other vessels and had not been disabled for some time, if he ever in fact had been. The Marine Hospital had made a diagnosis that there was nothing the matter with him. Respondent plainly told him that if anything further developed it would not be responsible.

 The hospital's diagnosis turned out to have been faulty. The hospital was not an agent of the defendant's. As a matter of fact the plaintiff was not entirely misled even by it. Prior to signing the release he discussed with the hospital going elsewhere for further diagnosis, but did not do so until after execution of the release. I find he was consciously taking his chances. If I were to hold this release invalid it would only be by holding that any release can be set aside if the consideration thereafter proves to be inadequate. Seamen's releases are properly unstable, but not to that extent. Sitchon v. American Export Lines, 2 Cir., 113 F.2d 830, certiorari denied 311 U.S. 705, 61 S.Ct. 171, 85 L.Ed. 458, a case where summary judgment was granted for the defendant. It is true that in that case libelant had a lawyer. If, which I do not decide, that is a matter of consequence, this libelant had his own lawyer by July, 1953, and no suit was brought contrary to the release until January, 1956.

It is unnecessary to pass on the other aspects of the case. The libel must be dismissed.