**Waldron C. WATSON, Libellant-Appellant,**

v.

**JOSHUA HENDY CORPORATION, Respondent-Appellee.**

**No. 251, Docket 24348.**

United States Court of Appeals
Second Circuit.

Argued Feb. 15, 1957.

Decided June 3, 1957.

Paul C. Matthews, New York City (John J. Robinson, Edwin M. Bourke, New York City, Advocates), for libellant-appellant.

Corydon B. Dunham, New York City (Vine H. Smith, New York City, of counsel), for respondent-appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

■ We affirm the court below. The lengthy marshalling of the evidence by the trial judge, see 142 F.Supp. 335, need not be elaborated upon by us. The issue decided was unquestionably one of fact. If the libellant-appellant were the aggressor in the fracas he had with Captain Neville, and then if Captain Neville used no more force than was necessary to repel the assault upon him, Watson can recover from the defendant neither damages for his injuries, nor his maintenance and cure, for his injuries were caused by his own misconduct. Kable v. U. S., 2 Cir., 1948, 169 F.2d 90; Id., 2 Cir., 1949, 175 F.2d 16; Aguilar v. Standard Oil Co. of New Jersey, 318 U.S. 724, at pages 730–731, 63 S.Ct. 930, 934, 87 L.Ed. 1107; Victoria v. Luckenbach S.S. Co., Inc., 2 Cir., 1957, 240 F.2d 349; Barlow v. Pan Atlantic S.S. Corporation, 2 Cir., 1939, 101 F.2d 697, 698.

■ The Court below stated that it accepted Captain Neville's version of what happened. Although libellant argues persuasively that independent evidence not adequately treated by the trial court supports Watson's story and discredits the narrative of Captain Neville, libellant must convince us that the findings below were clearly erroneous if we are to set the judgment side. Rule 52(a), F.R.Civ.P., 28 U.S.C.A.; McAllister v. U. S., 1954, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20.

Captain Neville and Sanford, the junior third mate, were not personally observed by the trial judge. Their narratives were contained in depositions. But the libellant, Watson, was; and the trier of the fact had ample opportunity to judge Watson's credibility. Despite the story Watson told, the Court specifically found as a fact that Watson's injuries were induced by his own wilful misconduct. When due regard is given to the opportunity of the trial court to judge of the credibility of the libellant who was physically present before him and whom he chose to disbelieve, we are unable to agree with libellant's claim that a reversible mistake was committed below.

Libellant points out that the log of the SS "Marine Arrow" was incorrectly transcribed by the trial judge. The transcription reads at 142 F.Supp. 337: "0400 w/Watson 3rd Officer came aboard in an intoxicated condition * * *". That log, in fact, reads: "0400 w/Watson 3rd Officer came aboard in an *apparent* intoxicated condition * * *". (Emphasis ours.) This misquotation does not impress us as being indicative of any misapprehension by the trial court of the events in suit. And so, also, of other claims of the libellant respecting alleged inadvertences or mistaken conclusions in the trial court's opinion.

Judgment affirmed.