Robert V. Santangelo, J.
This is an action by the plaintiff, a seaman, to recover damages for personal injuries which he claims to have sustained on or about April 23,1954 while he was employed on the defendant’s S. S. American. He is seeking redress under the provisions of an Act of Congress, known as the Merchant Marine Act (approved June 5, 1920, § 33) commonly known as the Jones Act (U. S. Code, tit. 46, § 688). This case was tried before the court without a jury. Formal findings of fact and conclusions of law were waived. The defendant withdrew his second cause of action against the defendant for the expenses of his maintenance and cure.
The plaintiff claims that he suffered his injuries and illness to his person in the course of his employment and that the occurrence was due solely to the carelessness, recklessness and negligence of the defendant, its agents, servants and employees, and to the fault, neglect and omission of officers and fellow seamen aboard the vessel to take any means and precaution for the safety of the plaintiff, and to the failure of the defendant to keep and maintain the vessel and its appurtenances in a seaworthy condition and reasonable state of repair. The defendant contends that if the plaintiff sustained any injury, it was the result of intoxication at the time, for which the defendant is not responsible.
The plaintiff testified that his ship was moored to a dock at Yokohama when he was injured. He testified that he had been ashore and was returning to the ship between 2 to 3 o’clock in the morning; that he staggered up a gangplank from the shore to the ship; that there was a Japanese watchman on the boat at the head of the gangplank and that there were lights over the deck of the ship. He testified further that he stepped onto the deck, received no assistance from the watchman and walked to the left about 10 feet when he tripped over a padeye which was permanently affixed and welded to the deck for the purpose of securing deck cargo which the ship had been carrying between Yokohama and Pusan, Korea. He admitted that he knew that there were padeyes on the deck and that the deck was lighted. There was no testimony that the padeye was defective, or,broken, or that *375 the ship and the appurtenances were in an unseaworthy condition and unreasonable state of repair. He admitted that he had “ half a bag on ” and was intoxicated at the time he was returning from shore leave, over the gangplank to the ship and at the time he fell over the padeye. The court finds as a fact the plaintiff was in a state of intoxication at the time he tripped over the padeye, as a result of which he fractured his right ring finger. There was no evidence that the watchmen knew at the time the plaintiff stepped on deck to return to his quarters that the plaintiff was intoxicated. The court also finds from the evidence that the plaintiff suffered no loss in salary, or overtime wages, nor incurred any hospital expenses during his period of convalescence when he did not work, or during such period that he performed light ship duties. The plaintiff admitted that he completed his voyage on August 29, 1954 without any deduction of salary on account of the injury and also received transporation fare from the West Coast to New York after his discharge from the ship. The court also finds that the plaintiff received no further medical treatment after he finished his voyage on the S. S. American.
The plaintiff contends that it was the duty of the ship’s watchman to aid and assist him to his quarters after he slipped on deck on his return from shore over the gangplank while in a state of intoxication. There was no evidence as to what the duties of a guard or ship watchman are with respect to their course of conduct towards a fellow servant in a state of intoxication returning to the ship from shore leave. Assuming that it was the duty of a guard to aid or assist a seaman under these circumstances, it is the court’s finding that the burden of proof rests with the plaintiff to show that such watchman knew at the time, or should have known from all the circumstances that the plaintiff was intoxicated and needed assistance. There is no proof that the watchman knew or saw the plaintiff intoxicated at the time of his return to the ship.
Under all the facts and circumstances the court finds that the plaintiff may not recover damages for the injuries he suffered as a result of his fall over the padeye due solely to his intoxication, the injuries being regarded as a result of the seaman’s own misconduct and not as a result of any fault or negligence on the part of the ship owner, its agents, servants and employees. (Barlow v. Pan Atlantic S. S. Corp., 101 F. 2d 697 [C. C. A. 2d] ; The S. S. Berwindglen, 88 F. 2d 125 [C. C. A. 1st]; Lortie v. American-Hawaiian S. S. Co., 78 F. 2d 819 [C. C. A. 9th].)
Complaint is dismissed upon the merits. The clerk is directed to enter judgment accordingly. Ten days’ stay.