Steve MATTHEWS, Libelant,

v.

GULF & SOUTH AMERICAN STEAM-SHIP COMPANY, Inc., Respondent.

No. 5077.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 20, 1964.

Smith & Waltzer, Benjamin E. Smith, Bruce C. Waltzer, New Orleans, La., for libelant.

Terriberry, Rault, Carroll, Yancey & Farrell, M. D. Yager, New Orleans, La., for respondent.

AINSWORTH, District Judge.

Libelant, a married merchant seaman, brings this suit in admiralty to recover maintenance and cure benefits and unearned wages from respondent's shipowner as a result of serious physical injuries he received ashore in Houston, Texas, on September 19, 1961, as a result of being involved in an affray with several unknown men.

At the trial of this matter, libelant was not present but his counsel offered in evidence his deposition taken at the instance of respondent, which was received over respondent's objection. Libelant's counsel informed the court that libelant was in Galveston, Texas, aboard ship where he is employed as a seaman and could not be present to testify without being relieved from duty, which ab-

sence would cause him to lose accumulated annual vacation benefits. The deposition was admitted in evidence under the provisions of Admiralty Rule 30A(d) (3) which provides in part that the deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds that the witness is at a greater distance than one hundred miles from the place of trial or if upon application and notice such exceptional circumstances exist as to make it desirable in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used. The right was given to respondent to request reconsideration of our ruling.

■ We have examined the deposition of libelant taken by respondent pursuant to notice. The notice to take the deposition, which is in the record, was unlimited in scope and did not indicate that it was for a special purpose only, such as discovery. We are satisfied that libelant was fully and completely cross-examined by respondent at the deposition on all aspects of this case and that no useful purpose would be served here by requiring his personal presence to give oral testimony. The circumstances, therefore, warrant receipt in evidence of the deposition in lieu of a personal appearance.

The facts of this case are not in dispute. Libelant was employed aboard the SS GULF SHIPPER by respondent, and while in the Port of Houston, Texas, on September 18, 1961, went ashore in the evening at about 9:30 p. m. for personal reasons and recreation. He proceeded from one barroom to another in company with other seamen and eventually with women who joined the group. He had a few drinks but claims he was not intoxicated. At Jimmy's Poolroom, after midnight, libelant candidly admits that he met an unknown woman, undoubtedly a prostitute, and thereafter went to a private residence in Houston where he had sexual relations with her. The woman demanded more payment for her services

than libelant had funds in his possession, an argument ensued and three unknown men, friends of the woman, appeared and attempted to collect the balance due from libelant. A free-for-all fight developed in the street in front of the residence with these three men at about 3:30 in the morning and libelant was given a severe beating, having both his jaw and right arm fractured. He seeks recovery for maintenance benefits during the period of convalescence and unearned wages to the termination of the vessel's foreign voyage.

■■ A shipowner is responsible for the health and security of sailors becoming ill or injured during the period of their service and is liable for maintenance and cure. This is the ancient law of the sea and the liability, unlike that created by the Jones Act (46 U.S.C. § 688), is not predicated on fault or negligence of the shipowner. So broad is the shipowner's obligation that negligence or acts short of culpable misconduct on the seaman's part will not relieve him of the responsibility. Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943).

However, willful misbehavior or deliberate act of indiscretion suffices to deprive the seaman of his protection. Aguilar v. Standard Oil Co., supra; 1 Norris, The Law of Seamen, 2d Ed., pages 689–694.

Instances of such misbehavior are intoxication, Barlow v. Pan Atlantic S. S. Corporation, 2 Cir., 1939, 101 F.2d 697, and fighting, Watson v. Joshua Hendy Corporation, 2 Cir., 1957, 245 F.2d 463.

■ We believe the facts here unquestionably establish such willful misbehavior and misconduct as to warrant a denial of maintenance benefits. In our opinion this is a strong case of willful misbehavior by a seaman which has brought about his physical injuries. Libelant should not be permitted here, even under the liberal law of the sea which provides maintenance benefits for seamen, to recover under these circumstances, and we will not countenance his

misconduct by ordering respondent to pay maintenance and cure and unearned wages.[1]

Judgment will be entered for respondent dismissing the libel.

---

1. Libelant cites Koistinen v. American Export Lines, Inc., 194 Misc. 942, 83 N.Y.S. 2d 297, in support of his position. The case is considered a most extreme one and involved a seaman who was in a brothel and attempted to leave it before consummation of an immoral act. When his way was blocked by a man at the doorway, he used an alternate exit and was injured in jumping from a window. He, therefore, abandoned his original culpable purpose before consummation and was attempting to leave by way of the window.